(33 App. Div. 161.)

## GOLDEN v. SIEGHARDT.

(Supreme Court, Appellate Division, First Department.   August 10, 1898.)

1. INJURY TO EMPLOYE—LIABILITY OF MASTER—NEGLIGENCE OF FELLOW SERV-
   ANT.
      If a contractor engaged in street excavations supplies proper materials
   for sheet piling, which are in fact properly set in place, he is not liable
   for an injury to an employé, resulting from a failure of his fellow work-
   men to guard against a danger caused by a stone which projects into
   the excavation and prevents the subsequent driving of certain planks to
   a further depth, and where the risk was obvious to the plaintiff, and
   might have been easily obviated by digging out the stone.

2. SAME.
      If anything connected with the work, and an essential part of its per-
   formance, is to be done by persons engaged in its prosecution, and is neces-
   sary to insure its safe completion, that thing is a detail of the work, for
   a failure to attend to which the master is not responsible if he has fur-
   nished the necessary materials.

Appeal from trial term, New York county.

Action by John M. Golden against Anthony F. Sieghardt.   From a
judgment entered on a verdict and from an order denying a new trial,
defendant appeals.   Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN,
and O'BRIEN, JJ.

Charles C. Nadal, for appellant.

Frank Herwig, for respondent.

RUMSEY, J.   The action was brought to recover damages for in-
juries sustained by the plaintiff while working as a laborer in the em-
ploy of the defendant on the 14th of July, 1895.   The defendant was
engaged in the construction of a sewer at St. Nicholas avenue, be-
tween 137th and 141st streets, in the city of New York.   As a part
of this work, it was necessary to dig a trench along the avenue to the
depth of 14 or 15 feet.   The plaintiff had been engaged in this work
for a couple of weeks at a different place than that where the accident
occurred.   On the day he was hurt he went to work near 141st
street at a place where the trench had already been dug to a consid-
erable depth, but where it was necessary to dig it deeper   At the
place where the plaintiff was digging, the trench went through made
ground, and it was necessary to sustain the sides so that they would
not cave and fall upon the workmen.   The manner in which this was
to be done was well understood by the plaintiff, and was explained by
him in his testimony.   He said, substantially, that, after the ground
had been excavated to the depth of a couple of feet, stringers of plank
running horizontally were put on each side of the trench, and held
there by braces extending from one to the other across the trench, and
planks were driven perpendicularly between these stringers and the
wall, down to the bottom of the trench.   He said, further, that it
was customary to dig down two or three feet, and then drive down
planks, and then dig down two or three feet, or four or five feet, and
then drive the planks down again.   The sheet piling was put in in that
way.   He testified, further, that if, in the excavation, they came to a

rock sticking out of the side of the bank, while they were driving down the sheet piling, of course the piling had to stop above that rock, because it could not be driven through the stone. That, he said, was the condition of the place where he was at work. He testified that the sheet piling had been provided at this place, and had been driven down until it reached the top of a large stone projecting from the side of the trench. The plaintiff was at work in the trench opposite the stone, and, without taking any precautions against its fall, he dug the trench deeper below it, and while he was thus engaged the earth caved in, and the stone fell upon him, and seriously injured him. This was the plaintiff's own statement of the manner in which the accident happened. It was made to appear, and was not disputed, that the sheet piling was usually inserted and driven into its place in the trench from time to time by the laborers who were employed in digging, and that at this time and place the planking had been provided. It had been put in place, and the fall of the earth took place solely because the planking had not been driven to the bottom of the trench. It is quite true that just at the place where the earth fell a stone projected from the bank in such a way that, while it was there, the piling could not be driven past it; but the plaintiff was aware of that fact, which appears from his testimony, and there is no suggestion that it would have been at all difficult to dig the stone out of the bank, and then drive the piling down along the side of the trench to the bottom, before continuing the digging. It appears affirmatively however, that the plaintiff, although he was aware of the location of the stone, took no steps to protect himself against it, or to avoid it, but was at work by the side of it when the earth fell. There is no doubt that, if the shoring or sheet piling had been continued, the earth would not have fallen. In this state of facts, the court was asked to charge that the shoring or sheet piling of the trench was a detail of the work, and, if the jury find that the accident was due to the failure on the part of the foreman or Roberts (who was a fellow laborer) to shore or sheet pile the trench, the plaintiff cannot recover. This the court declined to charge, and in this refusal we think there was serious error.

The rule is well settled that it is the duty of the servant to attend to all details of the work which accompany its performance, and, if an accident happens because of his failure to attend to that part of the work, the employer is not responsible if he has used reasonable care to furnish the necessary materials to enable the laborer to do the work properly. Cullen v. Norton, 126 N. Y. 1, 26 N. E. 905; Butler v. Townsend, 126 N. Y. 105, 26 N. E. 1017. When anything is connected with the work, is an essential part of its performance, is done by persons who are engaged in the prosecution of the work, and is necessary to be done to insure the safe completion of the work, that thing is a detail of the work, within this rule. Especially is this so when the work itself is the making of a place in which it is to be done. Where that is the case, the rule which requires the master to provide a reasonably safe place for his servants in which to do their work has no application. If, in the doing of that work, the place becomes unsafe because the servant neglects to use the means which are customary, and which are furnished by the master, to protect

himself, it is his own fault, and he cannot charge his employer with negligence, and thus render him liable for the damages which result. Cook v. Railroad Co., 119 N. Y. 653, 23 N. E. 1150, cited by Finch, J., in Kranz v. Railway Co., 123 N. Y. 5, 25 N. E. 206; Loughlin v. State, 105 N. Y. 159, 11 N. E. 371. It is unnecessary to accumulate authorities upon this point, for the rule must be regarded as thoroughly well settled. The defendant, therefore, was entitled to the charge which he requested, and for the refusal of the court to give it this judgment must be reversed. It is unnecessary to consider any other questions in the case.

Judgment reversed, and new trial ordered, with costs to the appellant to abide the event. All concur.