FRANK DI VITO, Respondent, *v.* DONATO A. CRAGE et al., Appellants.

1. NEGLIGENCE — MASTER AND SERVANT — RISK OF EMPLOYMENT. In an action to recover damages for personal injuries, where it appears that plaintiff had been in defendants' employment for several months and had been directed by their foreman to remove loose pieces of rock that should be found along a bank so as to render a continuance of blasting safe, and while engaged in so doing, a large stone, which had been thrown on top of the bank by a previous blast in the prosecution of the general work and had rested there until the accident, and which defendants had directed the foreman to remove, fell and striking the plaintiff caused the injuries complained of, a recovery cannot be sustained, since they were the result of a risk which plaintiff assumed as an incident to the employment in which he was engaged, and if the result of any negligence it was that of the foreman, a fellow-servant, for which the defendants would not be responsible. The cases of *Perry* v. *Rogers* (157 N. Y. 251), and *Capasso* v. *Woolfolk* (163 N. Y. 472), followed.

2. CONTRIBUTORY NEGLIGENCE, WHEN A QUESTION OF FACT. Where the evidence in such an action tends to show that the path where plaintiff stood was about two feet wide and safe except from objects falling from above, whether he was guilty of contributory negligence in not

having a rope tied about him, as it was claimed he was directed to do by defendants' foreman, in order to prevent his failing, is a question for the jury where he denies that any such direction was given.

*Di Vito* v. *Crage,* 35 App. Div. 155, reversed.

(Argued November 27, 1900: decided January 22, 1901.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered December 29, 1898, affirming a judgment in favor of plaintiff entered upon a verdict, and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Frank A. Abbott* for appellants. The injury which the plaintiff sustained while cleaning off the side of the embankment was the result of one of the risks which he assumed by his employment. All of the dangers were open and apparent and he voluntarily assumed them. (*Crown* v. *Orr,* 140 N. Y. 455; *Knisley* v. *Pratt,* 148 N. Y. 379.) The plaintiff was guilty of contributory negligence in attempting to ascend the side of the embankment for the purpose of cleaning off loose rock without the use of the appliances provided for that purpose. (*Button* v. *H. R. R. R. Co.,* 18 N. Y. 248; *Deyo* v. *N. Y. C. R. R. Co.,* 34 N. Y. 9; *Curran* v. *W. C. & Mfg. Co.,* 36 N. Y. 153; *Becht* v. *Corbin,* 92 N. Y. 658; *Riordan* v. *O. S. Co.,* 124 N. Y. 655; *Chisholm* v. *State,* 141 N. Y. 246.) The court in its failure to charge the jury as requested by the defendants, that there was no evidence in the case that the stone in question was ever at any time on top of the bank, committed a reversible error. (*Ruppert* v. *B. H. R. R. Co.,* 154 N. Y. 90.) To entitle the plaintiff to recover in this case it must be shown that the injury was produced as the result of some cause for which the defendants were responsible. (*Baulec* v. *N. Y. & H. R. R. Co.,* 59 N. Y. 356; *People* v. *Kennedy,* 32 N. Y. 141; *People* v. *Harris,* 136 N. Y. 429; *Searles* v. *Manhattan Ry. Co.,* 101 N. Y. 661; *Cadwell* v. *Arnheim,* 152 N. Y. 182; *Ruppert* v. *B. H. R. R. Co.,* 154 N. Y. 90.)

The obligation of the master to provide a reasonably safe place for his servants to work in, does not oblige him to keep the place in a safe condition at every moment of their work, so far as its safety depends on the due performance of that work by them and their fellow-servants. (*Perry* v. *Rogers,* 157 N. Y. 253.)

*D. E. Brong* for respondent. From the facts and circumstances proved the jury properly drew the inference of negligence. (*Chisholm* v. *State,* 141 N. Y. 249; *Mead* v. *Parker,* 111 N. Y. 262; *Hart* v. *H. R. B. Co.,* 80 N. Y. 622; *Justice* v. *Lang,* 52 N. Y. 329.) The defendants were negligent in adopting an improper method of blasting, and in failing to provide material to cover the same or otherwise prevent the casting of rocks upon the bank. (*Hay* v. *Cohoes Co.,* 2 N. Y. 159; *Benner* v. *A. D. Co.,* 58 Hun, 359; *Davidson* v. *Cornell,* 132 N. Y. 233.) The positive duty of inspection of the top of the bank for the purpose of discovering and removing loose stones rested upon the defendants. (*Capasso* v. *Woolfolk,* 163 N. Y. 477; *True* v. *L. V. R. R. Co.,* 22 App. Div. 590; 161 N. Y. 655.) It was not contributory negligence on the part of the plaintiff to ascend the bank and perform the work in which he was engaged when injured. (*True* v. *L. V. R. R. Co.,* 22 App. Div. 590.) The doctrine of assumed risks on the servant extends only to those risks and hazards which are incident to the employment, and excludes those of which the servant is ignorant and of which the master is cognizant. (*Pantzar* v. *T. F. I. M. Co.,* 99 N. Y. 376.) It was the duty of the defendants to provide and maintain a reasonably safe and proper place in which plaintiff was required to perform his work. (*Perry* v. *Rogers,* 157 N. Y. 255.)

Martin, J. This action was to recover for personal injuries sustained by the plaintiff, which he alleged were caused by the defendants' negligence. The relation between the parties was that of master and servant. The plaintiff was in

the employ of the defendants who were engaged in cutting down or blasting away a portion of the face of a rocky cliff upon the eastern shore of the Niagara river for the purpose of building an electric railroad at its base.

The plaintiff entered the defendants' employment in May, 1895, and continued until the eighteenth of the following August, when he received the injuries complained of. On the night preceding the accident the defendants' foreman required the plaintiff to work upon the following day, which was Sunday, in removing any loose pieces of rock that should be found along the bank or cut, so as to render the place where the blasting was to be continued safe for those employed in that occupation. While he was engaged in removing the loose stone from the side of the bank a large stone or piece of rock fell from the top of the cliff, struck a stone upon the side, bounded to the path where the plaintiff was at work, and knocked him off, he falling a distance of about seventy-five feet to the bank below. He was thereby severely injured. The proof tended to show that the defendants had in blasting the rock previously used unnecessarily large quantities of powder or dynamite, causing explosions of such force as to throw fragments of rock across the Niagara river into Canada, through buildings, into yards in the surrounding locality, and into the air, so that some of them landed upon the surface of the ground immediately above the place where the plaintiff was at work.

The evidence was sufficient to justify the jury in finding that the stone or piece of rock which caused the plaintiff's injury came from the top of the cliff. The defendants knew that the pieces of rock thrown there by blasts were lying upon or near the edge. One of the defendants testified that he instructed their foreman to have them removed, but they were not.

At the conclusion of the plaintiff's evidence, the defendants moved for a nonsuit upon the grounds that there was not sufficient evidence to go to the jury upon the question of the defendants' negligence; that it had been shown that the plain-

tiff was guilty of contributory negligence; that whatever danger there was in and about the work was a risk which the plaintiff assumed when he entered the defendants' employ; that if there was any negligence, it was the negligence of a co-employee for which the defendants were not liable; and that if negligence had been shown it was not shown to be the negligence of the defendants.

At the close of all the proof in the case, the motion for a nonsuit was renewed, and the defendants moved for the direction of a verdict in their favor upon all the grounds stated in their motion for a nonsuit, and upon the further ground that there was no evidence that they had any knowledge of the stone in question, nor were they in any way connected with it. These motions were denied, and the defendants excepted.

The trial judge charged the jury that unless the stone which struck the plaintiff came from the edge or surface of the cliff, he could not recover. He then submitted to them the question whether the defendants should have inspected or removed the stones lying upon the surface of the ground at the edge of the cliff which were liable to fall and injure the workmen employed below, and instructed them that if the stone came from the side of the cliff, or if, in the exercise of reasonable care, it was not the duty of the defendants to remove such stones, the plaintiff could not recover. On the other hand, he charged that if the stone came from that point and the defendants were negligent in not removing it, they might find for the plaintiff on the question of the defendants' negligence. He then submitted to the jury the question of the plaintiff's contributory negligence, instructing them that if he did not take every reasonable precaution necessary for his safety, he could not recover.

The contention of the defendants is that the injury sustained by the plaintiff resulted from one of the risks which he assumed when he entered their employment, and that as all the dangers thereof were open and apparent, they were voluntarily assumed. They also claim that the plaintiff was guilty of contributory negligence in working upon the side of the

embankment or cut, without following the instructions of the defendant's foreman to have a rope tied around him to prevent falling. That any such instructions were given by the defendants' foreman was denied by the plaintiff, so that there was a conflict in the evidence upon that subject. The proof tended to show that the bench or path where the plaintiff stood at the time of his injury was about two feet in width, and safe except from objects falling from above. The evidence was sufficient to justify the jury in finding that the stone, the falling of which occasioned the plaintiff's injury, came from the top of the bank, and, hence, the court committed no error in declining to charge to the contrary. Under the evidence, whether the plaintiff was guilty of contributory negligence was also a question of fact for the jury.

The only serious question presented upon this appeal is whether there was sufficient evidence of the defendants' negligence to justify the jury in finding that they were liable for the plaintiff's injury, or whether it was the result of a risk which he assumed as an incident to the employment in which he was engaged. If the plaintiff's injury had resulted from the falling of a loosened rock upon the side of the cliff, this case would clearly fall within the principle established by the cases of *Perry* v. *Rogers* (157 N. Y. 251) and *Capasso* v. *Woolfolk* (163 N. Y. 472), and the judgment could not be sustained.

Hence, the real question we are called upon to consider, the determination of which is decisive of this case, is whether the essential facts and circumstances established upon the trial are so far different from those involved in the cases to which we have referred as to justify a different determination as to the liability of the master. The facts in those cases were practically identical with the facts in this case, except that in those the injury resulted from the falling of a rock from the side of a cliff instead of from the top. In this connection it is to be remembered that the pieces of rock upon the surface or brink of the cliff, one of which it is claimed occasioned the plaintiff's injury, were not there when the work upon which

the defendants were engaged was commenced, but found their way to that place by the action of the defendants while pursuing the general business in which they were engaged and in which the plaintiff was employed. So that the only real distinction between the *Perry* case and the case at bar is that in one the rock which fell and caused the injury was upon the side of the cliff and had been loosened by blasting, while in the other, by the same instrumentality, the rock was thrown upon the edge of the cliff above and rested there until the accident occurred. In either case the loosened rock was a threatening danger occasioned by the general management and prosecution of the work, and if the risk was assumed by the employee or the defendant was not liable in one case, it is difficult, upon any sound principle, to discover why the risk was not assumed by the employee and the defendants exculpated in the other. When the principle of those cases is applied to this, we think it requires a reversal of the judgment, as there is no such variance in the facts as to render any different rule applicable.

If the removal of the loosened rocks upon the side of the cliff was, as was held in the *Perry* case, a mere incidental detail of the work which the master was not required himself to perform, it seems equally clear that the removal of the rocks from the edge of the cliff as well as from the side was also a mere detail of the work and might be confided by the master to his foreman who was a fellow-servant of the plaintiff and for whose negligence the defendants would not be responsible. We are of the opinion that the decision in this case is controlled by the principle of the decisions in the cases cited, and that they require a reversal of the judgment appealed from.

The judgment should be reversed and a new trial granted, with costs to abide the event.

Parker, Ch. J., Bartlett, Haight, Cullen and Werner, JJ., concur; Vann, J., not voting.

Judgment reversed, etc.