WILLIAM VAN DERHOFF, Respondent, *v.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Appellant.

*Negligence — injury, to one removing an embankment, from a falling rock — the manner of the removal may be confided to a foreman — his statement to the party injured, " Never mind looking up," does not make his principal liable.*

In an action to recover damages for personal injuries, it appeared that the plaintiff was employed by the defendant railroad as a trackman, and that he was sent, under the direction of a competent foreman, to aid in removing a portion of an embankment which had fallen upon the track. During the course of the work two men were stationed at the edge of the bank to inform the men of any danger to be apprehended from falling rocks.

After the work had been in progress two or three hours, some of the rock from the embankment became dislodged in some way and the lookouts gave a warning. All of the men, including the plaintiff, started to run, but the plaintiff was struck by the falling rock before he could reach a place of safety. The plaintiff claimed that at some time during the work he looked up in the direction of the bank and that the foreman said to him, " Never mind looking up."

*Held*, that a judgment entered upon a verdict in favor of the plaintiff should be reversed;

That the manner of the removal of the embankment was a detail of the work which the defendant might properly leave to the judgment of its foreman, and not one which the defendant itself was bound to perform;

That the statement by the foreman to the plaintiff, that he should not look up, was simply a declaration of a fellow-servant with reference to a situation which was apparent to both.

APPEAL by the defendant, The New York Central and Hudson River Railroad Company, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Niagara on the 17th day of October, 1902, upon the verdict of a jury for $1,132.56, as amended by an order entered on the 29th day of October, 1902, and also from an order entered in said clerk's office on the 29th day of October, 1902, denying the defendant's motion for a new trial made upon the minutes.

*Charles A. Pooley* and *M. C. Spratt*, for the appellant.

*P. F. King*, for the respondent.

STOVER, J.:

Appeal from a judgment in favor of plaintiff after trial by jury in Niagara county, and from an order denying a motion for a new trial upon the minutes.

Plaintiff was employed by the defendant as a trackman, and in the performance of his work was under the direction of a foreman. Just prior to the accident a portion of an embankment along the roadbed of the defendant had become loosened and fallen upon the tracks, and the gang with which plaintiff was connected was sent to remove the loose material. The embankment consisted of shale and rock. The gang in which the plaintiff was employed had been at work some two or three hours removing the portion of the embankment which had fallen upon the track, when some of the rock from the ledge or embankment above became dislodged in some way, falling upon the plaintiff and inflicting the injuries complained of.

At some time while the plaintiff was at work he says he looked up in the direction of the bank, and the foreman said to him, " Never mind looking up." At the time of the accident there were two men upon the lookout at the edge of the bank, and as soon as they saw the stone start they gave a warning and all of the men ran. Plaintiff ran, but did not get out of the way in time.

No doubt the plaintiff was working in a dangerous place, but the danger was the inevitable result of the situation, to remedy which he was employed, and was in no particular the result of negligence. The place was reasonably safe; that is, it was free from dangers other than were incident to and necessarily arose from the character of the work to be performed. The bank was steep, the rock had become loosened so as to permit it to slide upon the track below, and, in removing it, it must have been apparent that more or less of the loose rock at the top would fall from time to time.

In the performance of the work the defendant had employed a competent foreman, a man of experience, and who seems in this instance to have taken the precaution to station lookouts to inform the men of danger from any rock that might become loosened during the work. The manner of the removal of the embankment was a detail of the work which should properly be left to the judgment of the foreman, and not one which the master himself was bound to perform. (*Di Vito* v. *Crage*, 165 N. Y. 378; *Perry* v. *Rogers*, 157 id. 251.) Nor does the statement of the foreman to the plaintiff in this case, not to look up, but to go on with his work, in any manner change the rule or impose liability upon the master. It

must be constructed, we think, to be a declaration of a fellow-servant with reference to a situation which was apparent to both.

We think the complaint should have been dismissed.

All concurred.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event upon questions of law only, the facts having been examined and no error found therein.