VAN DERHOFF v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Fourth Department. November 17, 1903.)

1 MASTER AND SERVANT—DETAIL OF WORK—DELEGATION TO FOREMAN—NEG-
LIGENCE.

Plaintiff was, with others, under the direction of a foreman, removing earth which had fallen on defendant's track, when some of the embankment from above fell, injuring him. The place was free from dangers other than were incident to the work to be performed. The foreman was a man of experience, and had placed lookouts to inform the men of danger from the rock above. *Held* that the manner of removal of the embankment was a detail properly left to the judgment of the foreman, and was not one which the defendant was bound to perform.

2. SAME—FELLOW SERVANTS—DECLARATION.

The statement of the foreman to plaintiff, during the progress of the work, to never mind looking up, but to go on with his work, did not impose any liability on defendant, as it was the declaration of a fellow servant with reference to a situation apparent to both.

Appeal from Trial Term, Niagara County.

Action by William Van Derhoff against the New York Central & Hudson River Railroad Company. From a judgment for plaintiff, and an order denying defendant's motion for a new trial, it appeals. Reversed.

See 81 N. Y. Supp. 1145.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

Pooley, Depew & Spratt, for appellant.
King, Leggett & Brown, for respondent.

STOVER, J. Appeal from a judgment in favor of plaintiff after trial by jury in Niagara county, and from an order denying a motion for a new trial upon the minutes. Plaintiff was employed by the defendant as a trackman, and, in the performance of his work, was under the direction of a foreman. Just prior to the accident, a portion of an embankment along the roadbed of the defendant had become loosened and fallen upon the tracks, and the gang with which plaintiff was connected was sent to remove the loose material. The embankment consisted of shale and rock. The gang in which the plaintiff was employed had been at work some two or three hours removing the portion of the embankment which had fallen upon the track, when some of the rock from the ledge or embankment above became dislodged in some way, falling upon the plaintiff, and inflict-

¶ 2. See Master and Servant, vol. 34, Cent. Dig. § 565.

ing the injuries complained of.　At some time while the plaintiff was at work, he says he looked up in the direction of the bank, and the foreman said to him, "Never mind looking up."　At the time of the accident, there were two men upon the lookout at the edge of the bank; and, as soon as they saw the stone start, they gave a warning, and all of the men ran.　Plaintiff ran, but did not get out of the way in time.

No doubt, the plaintiff was working in a dangerous place, but the danger was the inevitable result of the situation, to remedy which he was employed, and was in no particular the result of negligence. The place was reasonably safe; that is, it was free from dangers other than were incident to, and necessarily arose from, the character of the work to be performed.　The bank was steep.　The rock had become loosened so as to permit it to slide upon the track below, and, in removing it, it must have been apparent that more or less of the loose rock at the top would fall from time to time.　In the performance of the work, the defendant had employed a competent foreman— a man of experience—and who seems in this instance to have taken the precaution to station lookouts to inform the men of danger from any rock that might become loosened during the work.　The manner of the removal of the embankment was a detail of the work, which should properly be left to the judgment of the foreman, and not one which the master himself was bound to perform.　Di Vito v. Crage, 165 N. Y. 378, 59 N. E. 141; Perry v. Rogers, 157 N. Y. 251, 51 N. E. 1021.　Nor does the statement of the foreman to the plaintiff in this case not to look up, but to go on with his work, in any manner change the rule, or impose liability upon the master.　It must be construed, we think, to be a declaration of a fellow servant with reference to a situation which was apparent to both.　We think the complaint should have been dismissed.

Judgment and order reversed, and new trial granted, with costs to appellant to abide the event, upon questions of law only.　All concur.