## BRAUNBERG v. SOLOMON.

(Supreme Court, Appellate Division, Second Department. March 3, 1905.)

1. MASTER AND SERVANT—INJURIES TO SERVANT—NEGLIGENCE—CONTRIBUTORY
   NEGLIGENCE—EVIDENCE—VERDICT.

   In an action for injuries to a servant by the use of a cloth-cutting ma-
   chine on a table not designed for its use, evidence *held* to support a ver-
   dict for plaintiff.

2. SAME—EMPLOYERS' LIABILITY ACT—PERSON EXERCISING SUPERINTEND-
   ENCE—NEGLIGENCE—FELLOW SERVANT.

   Where plaintiff was directed by his foreman to operate a cloth-cutting
   machine on a table not designed for its use, and plaintiff was injured by
   the jumping of the machine caused by defects in the table, the negligence
   of the foreman in directing plaintiff to use such table was not that of
   plaintiff's fellow servant but of a person exercising superintendence,
   within Employers' Liability Act, § 1, subd. 2 (Laws 1902, p. 1749, c. 600),
   authorizing a servant to recover against the master for injuries caused
   by the negligence of a person exercising superintendence

3. SAME—PLEADING.

   Where, in an action for injuries to a servant, a proper notice required
   by Employers' Liability Act (Laws 1902, p. 1748, c. 600) was given, and
   the case was tried on the theory of a statutory liability, no objection
   being raised at the trial as to the sufficiency of the complaint to state
   a cause of action under the statute; the action would be so treated on
   appeal.

Appeal from Trial Term, Richmond County.

Action by Jacob Braunberg against Max Solomon. From a judg-
ment in favor of plaintiff, and from an order denying defendant's
motion for a new trial, he appeals. Affirmed.

Argued before BARTLETT, JENKS, HOOKER, RICH, and MIL-
LER, JJ.

Theron G. Strong, for appellant.
George M. Pinney, Jr., for respondent.

MILLER, J. The plaintiff, an employé of the defendant, was
injured by reason of his little finger coming in contact with a revolving
knife in a cloth-cutting machine which he was operating. The ma-
chine, whose base was a smooth, circular disc, was operated by being
shoved along the cutting table by hand; the revolution of the knife
being produced by a current of electricity introduced by a wire attached
to the machine. The machine was designed to be operated on a table
having a perfectly smooth surface, and such tables were supplied by
the defendant; the plaintiff prior to the accident having been accus-
tomed to work upon such a table. Just prior to the accident he was
directed by the foreman to go to another table and cut a pile of silk
placed thereon, and while engaged in doing so received the injury, as
he claims, by reason of the jumping or jolting of the machine, caused
by the uneven surface of the table, and, as claimed by the defendant,
by reason of his lifting the machine from the table without turning off
the electricity.

The table at which the accident happened was not designed for use
with the cutting machine, but with knife and shears. The court sub-

mitted the case to the jury to say whether there was negligence on the part of the defendant in sending the plaintiff to work upon this table with an unguarded machine; holding that, so far as the absence of a guard itself was concerned, the plaintiff assumed the risk. Assuming that the act of the foreman in directing the plaintiff to work upon this table was the act of the master, the case was fully and fairly submitted to the jury by the learned trial judge; the requests to charge which were refused, other than as charged, were fully covered by the main charge, so far as they were applicable to the facts of the case, both as to the plaintiff's contributory negligence, his assumption of risk, and the defendant's negligence; no errors were committed prejudicial to the defendant; the character of the wound tended strongly to corroborate the plaintiff's version; and the verdict cannot be said to be against the weight of evidence.

The serious and sole question presented by this record is, was the act of the foreman in directing the plaintiff to work upon this table the act of the master, because, concededly, the master had furnished a suitable and proper table, but by direction of the foreman the work was done upon a table designed for a different purpose? In doing this, was he a fellow servant or the alter ego of the master? Originally the master had discharged his duty by furnishing proper appliances. The work became dangerous because of the manner in which the foreman directed it to be done. Applying the test to determine whether or not the foreman was a fellow servant—that the character of the act, and not the grade of the servant, is to determine the question—what duty did the master owe the plaintiff in respect to the act in the performance of which the injury arose? Simply that of furnishing a safe place, and, to that end, reasonably safe and proper appliances. The duty of furnishing reasonably safe machinery had been discharged. The injury resulted because the plaintiff, by direction of the foreman, used a table not unsafe when used for the purpose intended, but unsafe for the particular use to which it was put. In respect to the foreman, the master owed the duty of furnishing a competent fellow servant, but no question is raised as to his competency. Did the master owe the duty of directing the plaintiff to the end that he should not use a tool designed for another purpose? Or, to put it in another way, is a foreman, in directing the manner of the performance of work, discharging any duty which the master owes? This question seems to have been settled adversely to the plaintiff's contention by a long line of decisions in the court of last resort in this state. Crispin v. Babbitt, 81 N. Y. 516, 37 Am. Rep. 521; Loughlin v. State, 105 N. Y. 159, 11 N. E. 371; Cullen v. Norton, 126 N. Y. 1, 26 N. E. 905; Crown v. Orr, 140 N. Y. 450, 35 N. E. 648; Keenan v. N. Y., L. E. & W. R. Co., 145 N. Y. 190, 39 N. E. 711, 45 Am. St. Rep. 604; Perry v. Rogers, 157 N. Y. 251, 51 N. E. 1021; Di Vito v. Crage, 165 N. Y. 378, 59 N. E. 141; Maltbie v. Belden, 167 N. Y. 307, 60 N. E. 645, 54 L. R. A. 52. I am unable to distinguish the cases cited from the case at bar. And the question remains whether the pleadings and proof bring the case within the so-called employers' liability act, and whether that statute has changed the rule involved. Subdivision 2 of section 1 of chapter 600, p. 1749, of the Laws of 1902, undoubtedly has changed the rule of Crispin v. Bab-

bitt, supra, and therefore the foreman in the case at bar was not a fellow servant, and his negligence was that of the master.

The appellant raises the question on this appeal that the complaint does not allege facts sufficient to establish statutory liability. The complaint should have alleged facts showing that the injury resulted by reason of the negligence of a person exercising superintendence. But no question was raised on the trial as to the sufficiency of the pleadings. The case was tried on the theory of a statutory liability because the notice provided by section 2 was proved, and the only objection to its receipt was that it was "not in compliance with the statute, so far as stating the cause of the alleged injury." This objection was not good, as the notice was, in my opinion, a sufficient compliance with the statute. Neither by motion at the opening of the case, by any objection to the admission of evidence, nor by the motion for a nonsuit, was the point raised as to the sufficiency of the complaint to state a cause of action under the statute. The action may therefore be treated as one under the statute, and, treated as such, the case was properly submitted to the jury.

The judgment and order appealed from should be affirmed, with costs. All concur.