## �export 𝔯𝔦𝔠𝔥𝔪𝔬𝔫𝔡.

JOHNSON'S ADM'X V. R. &. A. RAILROAD CO.

APRIL 5th, 1888.

Absent, Richardson, J.

1. NEGLIGENT KILLING—*Action for—Instruction.*—At trial of an action to recover damages for the negligent killing of the plaintiff's intestate, after the defendant's demurrer to the evidence had been joined in by the plaintiff, it was not improper for the trial court to instruct the jury that, if the plaintiff was entitled at all, she was entitled to the full amount which they might lawfully give, if there had been no demurrer to the evidence; and that they ought, in its opinion, to find the full amount claimed in the declaration, that amount not exceeding the amount the law allows to be recovered.

2. IDEM—*Coupling cars—Inexperienced brakeman.*—Where at trial of such action it appeared that the brakeman, a minor, on his first trip, was coupling freight cars by the conductor's order, the latter was so situated that he could not see the opening between the cars, nor the brakeman, so as to give the proper signal to slow up, and thus the brakeman was killed by the cars coming together with great force:

HELD:

   The death was caused by the conductor's negligence, and the defendant company is liable.

Error to judgment of circuit court of Nelson county, rendered March 28th, 1885, in an action of trespass on the case wherein Mary F. Johnson, administratrix of William E. Johnson, deceased, was plaintiff, and the Richmond and Alleghany railroad company was defendant. The object of the action was to recover damages for the alleged killing of the plain-

tiff's intestate by the defendant company. Verdict was for plaintiff, subject to demurrer to evidence. The court gave judgment on said demurrer for the company, and the plaintiff brought the case here on writ of error. Opinion states the case.

*T. P. Fitzpatrick* and *Pembroke Pettit*, for the plaintiff· in error.

*Johnston, Williams & Boulware*, for the defendant in error.

FAUNTLEROY, J., delivered the opinion of the court.

It appears from the record, that after the evidence was taken before the jury, the defendant demurred to the evidence as being insufficient in law to support the action, in which demurrer the plaintiff joined. The jury, after hearing all the evidence given in the case in behalf of the plaintiff—the defendant offering none—found a verdict for the plaintiff as follows: "We, the jury, find for the plaintiff, and assess the damages at $10,000, subject to the opinion and judgment of the court upon the demurrer to the evidence." And thereupon the jury was discharged; and the court on the 4th day of April, 1885, "having maturely considered the matters of law arising upon the demurrer to the evidence in the cause, is of opinion that the matters shown in evidence to the jury is not sufficient in law to maintain the issue on the part of the plaintiff. Therefore it is considered by the court that the plaiutiff take nothing by her bill, but for her false clamor be in mercy, &c.; and that the defendants go thereof without day and recover against the plaintiff their costs," &c. The evidence shows that the plaintiff's intestate, William Edgar Johnson, was a minor, which, from his appearance, was apparent, he being seventeen years and nine months of age, who was the stay and support of his widowed mother; that he had never

been from his home and from under his mother's protection
for any distance before his trip to Richmond·to see his elder
brother; when, without the knowledge· or consent of his
mother, he was employed by the defendant company, and,
although an inexperienced boy, he was assigned to the danger-
ous duties of brakeman; and, on his first trip, in attempting
to couple the cars of a freight train, at New Market station,
on the line of defendant's road, in Nelson county, on the 26th
day of April, 1882, he was crushed and killed.    The evidence
shows that the duty of coupling the cars at New Market was
required of this boy—no other person being present for that
purpose—and that, whilst so engaged, he was almost instantly
killed, through the carelessness and gross negligence of the·
conductor of the train; who, instead of being in a position
where he could see the boy, and the approaching çars to be
coupled, so as to give such signals as would have brought the
cars slowly and gently together, was on the opposite side of
the train from the deceased, some fifty or sixty yards down the
track, towards the engine, from where the coupling was to be
made by this inexperienced boy, on his first trip, as a brake-
man under his authority, in the discharge of this hazardous·
duty, thus rendering it impossible for him to see the opening,
or the boy, and to give the proper signals for the protection of
the boy's life, when the cars came together with a terrible force
and crash, sufficient to push the rear coaches a considerable·
distance up the grade, and to run the wheels of two trucks·
over the body of the boy and crush him to death.

The facts proved by the evidence demurred to in this case,.
not only justified the jury in drawing the inference of negli-
gence, but they afford proof conclusive of negligence and
recklessness on the part of the conductor of defendant's train,
who was the agent of the company, for whose negligence the
company is liable for any injury incurred by an employee,.
without his own fault, in the discharge of his duty under the·
orders of the conductor of the train.    See *Moon's Adm'r* v.

*Richmond & Alleghany R. R. Co.*, 78 Va., 745; *Chicago, M. & St. Paul R. R. Co.* v. *Ross*, decided by the supreme court of the United States December 8th, 1884, and reported in 112 U. S., 377; and the opinion of this court delivered this day by Lacy, J., in the case of *Ayres' Adm'x* v. *Richmond & Danville R. R. Co.*, *ante*, p. 679.

The court was of the opinion and instructed the jury, that in a demurrer to evidence, where the consideration of the merits of the case was withdrawn from the jury, the plaintiff was entitled, if entitled at all, to recover the full amount that a jury might lawfully give in a general verdict if there had been no demurrer to evidence; and that they ought, in its opinion, under the law, find the full amount of the damages claimed in the declaration. The amount claimed in the declaration is not in excess of what the law allows to be recovered. The language of the instruction or opinion of the court is not mandatory, and we do not think that the instruction is against law, or was calculated to mislead the jury. The defendant made no motion to set aside the verdict, on the ground that the damages are excessive, or on any other ground; and the jury, upon the evidence, fixed the amount of recovery, subject to the opinion of the court upon demurrer, at the sum of $10,000, for the plaintiff; which we think should have been adjudged by the court. The judgment of the court complained of is erroneous, and must be reversed and annulled; and this court, proceeding to render the judgment which the circuit court ought to have rendered, will enter judgment upon the verdict, in favor of the plaintiff, who is the appellant here.

HINTON, J., dissented.

JUDGMENT REVERSED.