## William Devlin *v.* Phœnix Iron Company, Appellant.

*Negligence—Master and servant—Contributory negligence.*

The duty of an employer is to provide his workmen with a safe place in which to work, and suitable tools, and to see that any dangers peculiar to their use are fully made known to the workmen. He has a right to rely on the exercise of common prudence by his employees in the selection of materials from a common stock provided for them, and in the use and care of the tools with which their work is done. A workman is bound to take notice of an obvious danger and cannot be required to continue at work in a dangerous place.

In an action by a workman against his employer to recover damages for personal injuries, it appeared that the plaintiff, who was an iron worker, was at the time of the accident engaged in raising a bloom from a pit, and loading it upon a truck. The bloom was clasped by bitts while it was being lifted and carried to the truck. One of the bitts slipped, allowing the bloom to fall. Plaintiff alleged that he sprang backwards to avoid the falling bloom, and thus came in contact with a "round" of iron, and some scrap iron lying near it, which caused him to fall, and before he could escape the bloom struck and injured him. These articles had been improperly allowed to lie on the floor, although the defendant had provided a place for their storage. Plaintiff had for two or three years worked in the room, and nearly in the same place where the accident occurred. Plaintiff also alleged that the bitts were too smooth to grasp the bloom with sufficient firmness to support its weight. The evidence showed that the defendant kept a supply of sharp bitts on hand, and that the plaintiff knew this fact and the place where they were kept, and that it was his duty to discontinue the use of a bitt when it became smooth, and replace it by a sharpened one. *Held*, (1) that the defendant having provided a proper place for plaintiff to work, if such place became unsafe by the neglect of the workmen to remove rubbish and tools, the negligence was not that of the employer, but of the employee; (2) that plaintiff was guilty of contributory negligence in using a smooth bitt when he could have procured a sharpened one; (3) that binding instructions should have been given for defendant.

Argued March 26, 1897. Appeal, No. 4, Jan. T., 1897, by defendant, from judgment of C. P. No. 3, Phila. Co., June T., 1895, No. 254, on verdict for defendant. Before GREEN, WILLIAMS, MITCHELL, DEAN and FELL, JJ. Reversed.

Trespass for personal injuries.

The facts appear by the opinion of the Supreme Court.

Defendant's point and answer thereto were as follows:

Under the evidence your verdict should be for the defendant. *Answer:* Refused.

Verdict and judgment for plaintiff for $6,500. Defendant appealed.

*Error assigned* was above instruction, quoting it.

*John G. Johnson*, with him *Carrol S. Tyson*, for appellant.— When an employee after having an opportunity of becoming acquainted with the risks of his situation, accepts them, he cannot complain if he be subsequently injured by such exposure:

Nuss v. Rafsnyder, 178 Pa. 397 ; Butler v. Gettysburg, etc., R. R. Co., 126 Pa. 160; Bemisch v. Roberts, 143 Pa. 1 ; Lynch v. Erie, 151 Pa. 380 ; Maher v. Thropp, 35 Atl. Rep. 1057 ; McAndrews v. Burns, 39 N. J. L. 118; Nemier v. Riter, 36 Atl. Rep. 335.

The failure to replace the worn bitts by new ones was negligence on the part of the plaintiff or of his coworkmen.

After the employer had furnished a safe place in which to work and a proper storage for the round and chain, it had a right to rely upon its workmen removing the round and chain if, in the course of their work, their safety should so require.

*A. S. L. Shields,* with him *J. Whitaker Thompson,* for appellee.—The defendant did not furnish a safe place for the plaintiff to work: Comben v. Belleville Stone Co., 36 Atl. Rep. 473 ; Hulehan v. Green Bay, etc., R. R. Co., 68 Wis. 520 ; Patterson v. Pittsburg, etc., R. R. Co., 76 Pa. 389 ; Ross v. Walker, 139 Pa. 42 ; Woodward v. Shumpp, 120 Pa. 458 ; Payne v. Reese, 100 Pa. 301.

Where it is shown that the employer did not conform to the ordinary usages of business in similar operations, it has been held to be evidence of negligence : Titus v. R. R., 136 Pa. 618 ; Augerstein v. Jones, 139 Pa. 183.

Where an inference can be drawn either way from the testimony the plaintiff cannot be nonsuited by reason of such testimony : Wilson v. Penna. R. Co., 177 Pa. 503 ; Railroad v. White, 88 Pa. 333 ; Railroad v. Werner, 89 Pa. 64.

The employer's duty in providing a safe place to work was violated when he did not remove the iron "round" after ample time for notice: Bennett v. Glass Co., 158 Pa. 120.

It was the duty of the coemployees, possibly, to inform the employer of the condition of the place, inasmuch as, owing to its weight, it was impossible for these men to move the obstruction, but if the employer had notice of its presence, and the length of time which elapsed justifies the assumption that he did, and he did not remove it within a reasonable time, he was, under all authorities, guilty of culpable negligence in this regard : Holden v. Fitchburg R. R., 129 Mass. 268 ; s. c. 2 Am. & Eng. R. R. Cas. 94.

The scope of duty within which a servant is entitled to pro-

tection is to be defined by what he is employed to perform, and what, with the knowledge and approval of his employer, he did perform, rather than by the verbal designation of his position : Kehler v. Schwenk, 151 Pa. 505.

In going into a place to work which had heretofore, to his knowledge, been practically secure from extraordinary risks, the plaintiff had a right to assume that the place was safe, without groping about to see whether there were pitfalls or obstructions in his path : Rummel v. Dilworth, 131 Pa. 509 ; Hoffman v. Clough, 23 W. N. C. 399.

OPINION BY MR. JUSTICE WILLIAMS, July 15, 1897 :

The plaintiff was an iron worker employed by the defendant company. It does not clearly appear how long he had been employed by the defendant, but it does appear that his work had been in the same room and nearly in the same place where the accident complained of happened, for two or three years. He had been, at least during all the time now spoken of, one of the gang of men at work in and around a pit in which blooms were cast, and from which they were lifted by machinery and loaded upon trucks for removal to some other part of the works. As the "fourth man" of this gang his business was to fasten the tongs upon the bloom which was to be lifted out of the pit, so that it could be raised and swung over the truck upon which it was to be loaded for removal. This was done by the use of bitts which clasped the bloom so firmly as to sustain its weight while it was being lifted and carried to the truck. On the night of the accident plaintiff was temporarily acting as "third man," whose business it was to guide the swinging bloom, by means of a long iron hook, into a position directly over the truck upon which it was to be loaded. While he was engaged in this way the bloom, which was at a red heat, slipped from the tongs and fell to the ground. The plaintiff stepped backwards to escape the red hot bloom and fell. Before he could get out of its reach it struck one of his legs and he was burned. He says that when he sprang backwards he came in contact with an obstruction on the floor of the mill which he could not see and of which he had no knowledge, and that on this obstruction he stumbled and fell. The presence of this obstruction was one of the things he complains of at the trial, and another

was the fact that the bitts were too smooth to grasp the bloom with sufficient firmness to support its weight.

The defendant requested the learned judge of the court below to direct the jury to find in its favor, for the reason that no negligence on the part of the company had been shown, and because the plaintiff's negligence had contributed to his injury. The learned judge refused this point and submitted the question of the defendant's negligence upon the evidence relating to the obstruction on which it was alleged the plaintiff fell. This obstruction consisted of a " round " of iron about six inches in diameter and several feet in length. There was a chain with it and a few pieces of scraps lying near it. None of these articles belonged to that part of the mill, but had been improperly allowed to accumulate there by the inattention or want of care of the workmen themselves. There was a place provided by the defendant company for the storage of each of these articles when not in use, but they had been suffered to remain for two weeks or more, where they were at the time of the accident, greatly to the inconvenience and danger of those working about the pit, as the plaintiff himself testifies. While it was the duty of some of the workmen, it was clearly the right of any of them, whose personal inconvenience or safety might be affected by their continued presence to see to the removal of these articles, to their appropriate places. It appears, however, according to the plaintiff's testimony, that the workmen most interested in their removal continued their work over and around these articles neither attempting to remove them, themselves, nor requesting others to do so for them. The company had constructed its mill according to a common and approved model. It was a safe place in which to conduct their business. If at any point it had been rendered unsafe by the neglect of the workmen to remove rubbish, or by permitting tools to accumulate where they had dropped them, the negligence was not that of the employer, but of the employee. The trouble was not with the place. Neither the general construction nor the arrangement of its parts was complained of. There was a definite place where the round, chain and scrap belonged. They did not belong, and they were not intended to be left on the floor for workmen to stumble over, but after use to be returned to their place of storage, and left there until again needed. The

duty of the employer is to provide his workmen with a safe place, in which to labor; suitable tools with which to work; and to see that any dangers peculiar to their use, are fully made known to them. He has a right to rely on the exercise of common prudence by his workmen, in the selection of materials, from a common stock provided for them, and in the use and care of the tools, with which their work is done: Ross v. Walker, 139 Pa. 42; Lehigh, etc., Coal Co. v. Hayes, 128 Pa. 294; Mc-Combs v. Pittsburg & Western Ry., 130 Pa. 182. A workman is bound to take notice of an obvious danger, and cannot be required to continue at work in a dangerous place: Reese v. Clark, 146 Pa. 465. The proximate cause of the plaintiff's injury was the fall of the " bloom " from the tongs. The plaintiff says this fall was due to the circumstances that the bitts made use of were worn smooth so that they did not grasp the mass to be lifted with sufficient firmness. But the plaintiff was familiar with this work. He had been engaged in attaching the tongs and bitts to the bloom, for about two years, and knew thoroughly when the bitts were unfit for use. He knew and his employers knew that bitts would grow smooth by use. In consequence of this knowledge the company kept a supply of sharp bitts on hand for the use of their workmen, and he knew the fact and the place where the sharpened bitts were kept in store. It was the duty of the workmen in the pit to discontinue the use of a bitt when it became smooth, and replace it from the general stock with a sharpened one. The plaintiff knew as he testifies that the bitts in use at the time of the accident were too smooth to grasp the bloom. Whose duty was it, upon these facts to make the exchange? Not that of the employer, for his duty was discharged when he furnished the supply of suitable bitts that could be resorted to whenever it was necessary. The practical question, when an old bitt became too smooth for use and when a fresh one was required, was necessarily left to the judgment of those whose business it was to use them. The learned judge of the court below was of this opinion. The use by the workmen of bitts which were unsuitable, which they saw and knew to be so, was negligence that contributed to, if it did not actually cause the plaintiff's injury. Without this negligence the accident could not have happened. Upon a careful consideration, we are of opinion that the defendant's point should have

been answered in the affirmative. There was no evidence of negligence on the part of the company. There was very clear proof of the negligence of the plaintiff and his fellow workmen in the presence of the obstruction upon which he stumbled, and in the use of unsuitable bitts to which all the witnesses attribute the falling of the bloom. The evidence therefore fully justifies the point presented: Butler v. Gettysburg, etc., R. R. Co., 126 Pa. 160. The assignment of error is sustained and the judgment entered in the court below is reversed.