John P. Smith, by his next friend, Michael Smith, v. The Hillside Coal and Iron Company, Appellant.

*Negligence—Master and servant—Duty to give instruction.*

A master's duty to give adequate instructions to such of his employees, as from age, inexperience or other sufficient cause, are ignorant of the dangers of their employment, is similar in its nature to that required in the employment of competent fellow workmen and furnishing safe machinery. These are all duties which the master owes to his servants, and from which he can relieve himself only by performance. They cannot be delegated so as to make the omission to give them negligence of a fellow-servant.

In an action by a boy thirteen years and six months old against his employer, a mining corporation, to recover damages for personal injuries, the case is for the jury where the evidence for the plaintiff, although contradicted, was in effect that his duty at the time of the accident was to sand the track in front of the wheels of an electric motor in a mine; that the occupation was a dangerous one, and that the plaintiff was given no instructions in regard to the work.

Argued March 14, 1898. Appeal, No. 115, Jan. T., 1897, by defendant, from judgment of C. P. Susquehanna Co., Jan. T., 1895, No. 197, on verdict for plaintiff. Before STERRETT, C. J., WILLIAMS, McCOLLUM, MITCHELL and FELL, JJ. Affirmed.

Trespass for personal injuries. Before SEARLE, P. J.

The facts appear by the opinion of the Supreme Court.

Defendant's points and the answers thereto were as follows:

1. Upon the whole evidence the verdict must be for the defendant. *Answer:* We refuse to so instruct you, as that would be binding instructions. [1]

2. The undisputed evidence shows that Benjamin Maxey, who was a competent mine foreman, was employed and had full power to place and designate the employment of the hands employed in the mine at such place and work as was necessary for the successful working of the mine; therefore, if any negligence on the part of any one but the plaintiff conduced to his injury, it is not chargeable to the defendant and the verdict therefore must be for the defendant. *Answer:* That calls for binding instructions to find for the defendant and it is therefore refused. [2]

3. The plaintiff was injured by reason of his position on the electric motor; that is, sitting on one of the front bumpers of the motor with his legs hanging over in front of said bumper; the evidence of both plaintiff and defendant shows that he was warned against riding in any such position, and if you believe this evidence the plaintiff cannot recover. *Answer :* It is true that the injury was sustained as claimed in this point and that some of the evidence of the plaintiff and the evidence of the defendant shows that the boy was warned against riding in that manner. But the boy himself testifies he was not warned. If you should find as a fact that he was warned of the danger and instructed not to do so, then you should find for the defendant. [3]

4. The negligence, if any, in this case, was the negligence either of the plaintiff himself or that of a fellow-servant, and in either case it is not the negligence of the defendant, and therefore plaintiff cannot recover. *Answer :* That requests binding instructions, which we refuse to give you and therefore the point is refused. [4]

Verdict and judgment for plaintiff for $1,654.17. Defendant appealed.

*Errors assigned* were (1–4) above instructions, quoting them.

*Everett Warren,* with him *George P. Little* and *Henry A. Knapp,* for appellant.—Under the undisputed facts the company was not shown to be negligent: O'Keefe v. Thorn, 24 W. N. C. 379; Neilson v. Hillside Coal & Iron Co., 168 Pa. 256; Melchert v. Smith Brewing Co., 140 Pa. 448; Allegheny Heating Co. v. Rohan, 118 Pa. 228; Gillen v. Rowley, 134 Pa. 209; Pittston Coal Co. v. McNulty, 120 Pa. 414; Kaufhold v. Arnold, 163 Pa. 269; Zurn v. Tetlow, 134 Pa. 213; Ford v. Anderson, 139 Pa. 261; Sykes v. Packer, 99 Pa. 465; Sullivan India Mfg. Co., 113 Mass. 396; Buckley v. Gutta-Percha Mfg. Co., 113 N. Y. 540; Hickey v. Taaffe, 105 N. Y. 26; Miller v. R. R., 8 Atl. Rep. 209; Brewer v. Scott, 4 Penny. 482; Wagner v. Jayne Chemical Co., 147 Pa. 479; Lehigh, etc., Coal Co. v. Hayes, 128 Pa. 294; Honor v. Albrighton, 93 Pa. 475; McGrath v. Coal Co., 4 C. P. Rep. 77; Keyser v. Forepaugh, 13 W. N. C. 130; Drew v. Coal Co., 3 Kulp, 207; R. R. Co. v. Jones, 95

U. S. 439; Belles v. Jackson, 4 Dist. Rep. 194; Rickert v. Stephens, Jackson & Co., 2 North. 117.

*L. P. Wedeman*, for appellee, ·cited Kohler v. R. R., 135 Pa. 346; Ely v. Ry., 158 Pa. 233; Brown v. Barnes, 151 Pa. 562; D. & H. Canal Co. v. Carroll, 89 Pa. 374; Ry. v. Fielding, 48 Pa. 320; Kehler v. Schwenk, 144 Pa. 353; Crissey v. Ry., 75 Pa. 83; Jones v. Mining Co., 66 Wis. 268; Glassey v. Ry., 57 Pa. 174; Rummell v. Dilworth, 111 Pa. 343; Wagner v. Jayne Chemical Co., 147 Pa. 475; Fisher v. D. & H. Canal Co., 153 Pa. 379; Tagg v. McGeorge, 155 Pa. 368; Coal Co. v. Nee, 13 Atl. Rep. 841; Neilson v. Hillside C. & I. Co., 168 Pa. 256; Taylor v. Canal Co., 113 Pa. 162.

OPINION BY MR. CHIEF JUSTICE STERRETT, May 9, 1898:

This appeal is from the judgment on the verdict awarding damages for personal injuries to the plaintiff alleged to have resulted from defendant company's negligence.   The subjects of complaint are the action of the learned trial judge in submitting the case to the jury and also the manner in which it was submitted.

Briefly summarized the salient circumstances of the injury are as follows: The plaintiff, a boy about thirteen years and six months old at the time he was injured, had been employed in defendant company's mine for about a year, first as door tender, then as mule driver, and finally, a few weeks before the accident, he was assigned to a place on the electric motor.   His duties there were to sand the track in front of the wheels, to dismount and turn switches in front or rear of the motor, etc., to signal the approach of other cars and to couple cars when they were to be moved.   At the time of the accident he was sitting on the bumper in front of the motor with his feet hanging over.   The injury was caused by collision with empty cars on the track.   One of plaintiff's legs was so badly crushed as to require amputation.   On the trial he testified, among other things, that no instructions were given him in regard to his work, and that he didn't think it was at all dangerous to ride on·the bumper; that the motorman did not want him to ride in the back end with him; that the bumper was the most convenient place in which to ride in the performance of his duties, and

that he never went any other way. This testimony was contradicted by defendant's witnesses, and by two of plaintiff's own witnesses, defendant's employees, who appear to have testified with evident reluctance.

In submitting the case to the jury the learned trial judge instructed them, inter alia, as follows: "The first question for you to pass upon . . . . is whether the labor at which this boy was employed at the time of the accident was dangerous. If it was not, then your verdict should be for the defendant. If you should find that it was dangerous, you should next inquire whether this boy had knowledge of the dangers of the work, . . . . of the manner in which the work should be done, and of the means by which he could do the work and avoid the dangers incident, . . . . as far as possible. If you should find he had that knowledge, then your verdict should be for the defendant. If you find he had not that knowledge when he was employed, then you should go a step further and find whether he was properly instructed by the company as to the dangerous character of the employment, etc. If you find as a fact that, at the time he was employed, he had not sufficient knowledge to properly perform the duties of the place, still if you should find that he was properly instructed as to the nature of the dangers incident to that employment, and the means of escaping or avoiding those dangers as far as possible, . . . . then they (his employers) had performed their full duty and would not be guilty of negligence," etc.

By these and similar instructions to the jury, covering the entire subject, the defendant company's rights were carefully guarded to such an extent that it has no just reason to complain. In view of the evidence, some of which was conflicting, the case could not have been withdrawn from the jury, as was requested by defendant in its first point. The learned trial judge was bound to submit it to the jury; and he did so fairly and impartially, and with instructions in which we find no substantial error.

Defendant's contention that, if there was any negligence in omitting to give proper instructions, it was the negligence of a fellow servant, etc., is untenable. If that position be correct, no corporation could ever be liable for negligence in that regard. A master's duty to give adequate instructions to such of his

employees, as from age, inexperience or other sufficient cause, are ignorant of the dangers of their employment, etc., is similar in its nature to that required in the employment of competent fellow-workmen, and furnishing safe machinery, etc. These are all duties which the master owes to his servants, and from which he can relieve himself only by performance: Lewis v. Seifert, 116 Pa. 628, and cases there cited.

Without further elaboration of the questions involved, we think this case was correctly tried, and the judgment should not be disturbed.

Judgment affirmed.