LOUIS GRIMALDI *vs.* JOHN S. LANE & another.

Hampden.    November 21, 1900. — February 26, 1901.

Present. HOLMES, C. J., KNOWLTON, BARKER, HAMMOND, & LORING, JJ.

In an action under St. 1887, c. 270, brought by a workman in a quarry against his employer to recover for injuries received from an explosion, it appeared, that the plaintiff's work consisted of breaking stone and had nothing to do with blasting, that the plaintiff discovered a blasting hole loaded with dynamite cartridges which had failed to explode and informed the superintendent of the quarry who ordered a workman to unload the hole, that the workman attempted to do so by using an iron scraper which was a dangerous instrument to use for this purpose, that the superintendent stayed at the hole watching the workman use the scraper for four or five minutes and then left without warning the plaintiff, who was working near, to move away. An explosion followed, caused by the use of the scraper, and the plaintiff was injured.    *Held,* that there was evidence to warrant the jury in finding that the plaintiff was in the exercise of due care and that the defendant's superintendent was negligent.

TORT, under St. 1887, c. 270, brought by a workman in a quarry against his employers for injuries sustained by reason of the alleged negligence of the defendants' superintendent. Writ dated December 7, 1899.

At the trial in the Superior Court, before *Maynard,* J., there was evidence of the following facts: The plaintiff was a laborer working in the defendants' quarry. His general work was breaking stone with a sledge hammer and working with a bar, and when he had time he would load the car; he had nothing to do with the work of blasting. Shortly before the accident, the plaintiff, while at work breaking stone with a bar and filling wheelbarrows with stone to go to the crusher, discovered an unexploded or " missed " hole, so called; that is, a hole in the rock which had been charged with dynamite and had failed to explode with the other holes comprising the blast of which it

was a part. This hole was about eighteen feet deep, and had about fifteen dynamite cartridges in it. The plaintiff immediately notified the foreman of the quarry of his discovery. It was admitted that the foreman was the superintendent of the quarry, and that his principal duty was that of superintendence. The foreman called one Melone, an employee whose work was unloading and exploding the mines or holes in the quarry, and told him to unload the unexploded hole about three or four feet, and then blow it off. Melone and the foreman went together to the unexploded mine, Melone carrying with him a tool called a scraper, which was an iron rod five or six feet long with a spoon shaped end about the width of a man's thumb. This scraper was used about the quarry for the purpose of cleaning out the holes drilled in the rock to prepare them for the reception of cartridges for blasting, and had never before been used for the purpose of unloading an unexploded mine or " missed " hole. Melone started to unload the hole, putting the scraper into the hole and turning it around so as to dislodge the cartridges, in order that they might be removed from the hole. The cartridges were about as large in diameter as the hole, so that they fitted into the hole tightly. The foreman stayed at the hole watching Melone using the scraper in this way for four or five minutes. He then said to Melone " After you unload that four or five feet explode it," and went away. The foreman said nothing to the plaintiff by way of warning, and did not tell him to go away from the hole while it was being unloaded. Almost immediately, and while Melone continued to use the scraper in the same way as before, the hole exploded, and the plaintiff, who was working near by, received the injuries complained of. There was expert testimony to the effect that the use of an iron scraper in boring around a hole is very dangerous, and that the explosion in this case was caused either by the scraper coming in contact with an explosive cap of the kind customarily used, which are fixed in some of the sticks of dynamite in the hole for the purpose of exploding a mine, or by the scraper striking the rock in such a way as to cause a spark which set off the dynamite.

At the close of the evidence, the defendants, among other requests, asked the judge to rule: 1. That upon all the evi-

dence in the case the plaintiff was not entitled to recover. 2. That there was no evidence that the defendants' superintendent was negligent, or that the plaintiff was in the exercise of due care. 3. That upon all the evidence in the case the accident was due solely to the negligence of Melone, a fellow servant, and the plaintiff was not entitled to recover. The judge declined to give these rulings.

The jury returned a verdict for the plaintiff; and the defendants alleged exceptions.

*W. S. Robinson,* for the defendants.

*J. B. Carroll & W. H. McClintock,* for the plaintiff.

LORING, J.　There was evidence in this case on which the jury were warranted in finding that the defendants' superintendent instructed Melone to unload the hole, and that he was present while Melone undertook to remove the dynamite from it with an iron spoon or scraper; that that was a negligent way of dealing with a hole loaded with dynamite which had failed to explode; and, finally, that the superintendent did not tell the plaintiff to go away while the hole was being unloaded in this manner. If these were found to be the facts, the defendants were negligent, the injury was not due solely to the negligence of Melone, and the first and third instructions were rightly refused.

There was also evidence that the plaintiff's work in stone quarries had been confined to removing with a bar the broken stone after a blast had been made, breaking it up with a sledge hammer, and loading it on to wheelbarrows to go to the crusher; that he did not know that a blow or a spark would make dynamite go off, though he thought that if the dynamite was hit " real hard it would be liable to go off." Such an employee cannot, as a matter of law, be held to be guilty of contributory negligence in not going to a safe distance while the hole which did not explode was being unloaded with the iron spoon. The risk of an explosion under those circumstances cannot be held as matter of law to be obvious to a man of ordinary intelligence or to a man whose experience in dynamite was no more extensive than the jury were warranted in finding the plaintiff's to have been.

*Exceptions overruled.*