# New *v.* Milligan, Appellant.

*. Negligence—Master and servant—Fellow servant—Vice principal—Caustic
soda on lid of closet.*

Where a master or superior places the entire charge of his business or a
branch of it, in the hands of an agent or subordinate, exercising no discre-
tion or oversight of his own, the master is liable for the negligence of such
agent or owner. The agent in such case is a vice principal.

Where a manager in the exclusive control of a store for the owner, directs
an unskilled workman to place caustic soda in a water closet, and the work-
man negligently sprinkles some of the soda on the lid of the closet, and the
manager without examining to see whether the work was properly done
directs to the closet a newly employed workman and the latter in using the
closet is seriously burned by the chemical, the owner of the store is liable
in damages for the injuries sustained.

Argued Dec. 13, 1904. Appeal, No. 163, Oct. T., 1904, by
defendants, from judgment of C. P. No. 2, Phila. Co., March T.,
1901, No. 223, on verdict for plaintiff in case of Henry Allen
New v. Robert J. Milligan et al., trading as Columbian Tea
Company. Before RICE, P. J., BEAVER, ORLADY, SMITH,
PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before
WILTBANK, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $300. Defendants ap-
pealed.

*Error assigned* was in refusing binding instructions for de-
fendants.

*Thomas Earle White,* with him *White, White & Taulane* for
appellant.—Negligence is the absence of care required by the
circumstances. When, as here, the measure of care is fixed
and unvarying, and there is no question as to the circum-
stances, it is for the court to determine whether it has been
observed : Menner v. Del. & Hudson Canal Co., 7 Pa. Supe-
rior Ct. 135 ; Greenwood v. R. R. Co., 124 Pa. 572 ; Long v.
Milford Twp., 137 Pa. 122 ; Winner v. Oakland Twp., 158
Pa. 405 ; Lonzer v. R. R. Co., 196 Pa. 610 ; Pittsburg, etc.,
R. R. Co. v. McClurg, 56 Pa. 294.

*Wm. M. Montgomery*, with him *Frank B. Ellis*, for appellee.—It was the duty of defendants to properly maintain the closet in question : Ryan v. Fowler, 24 N. Y. 410.

The case does not come within the " fellow-servant " rule : Mullan v. Philadelphia, etc., Steamship Co., 78 Pa. 25.

OPINION BY ORLADY, J., March 14, 1905:

The defendants were the owners of a number of grocery stores, and placed one Cliff, as the manager of their store No. 12 at Chester, at which place there was no resident member of the firm.   Cliff had exclusive control of the store and its contents, with authority to make all necessary orders in regard to the business and employees at that place.

· There was a water-closet in a dimly lighted part of the cellar for the use of the employees, who were expected to use it for the reason that by so doing their time would not be wasted or misspent in going away from the premises during their working hours.   Assuming that it had been properly constructed, it is well established by the evidence that the closet had been so carelessly maintained, without or in disregard of inspection, that it became fouled and dangerous to a degree that employees refused to use it.   These facts were well known, through frequent complaints, to the manager, who recognized the necessity for making repairs, and he directed an employee to put into the closet some chloride of lime and caustic potash, as he stated—to help clean it out.   This order was obeyed in so careless a manner that some of the caustic potash was scattered upon the movable lid or seat over the hopper. The skill of the employee intrusted with this repair, or his knowledge of the chemicals used was not shown, further than that he was a " third man " and was not a plumber.

On the second day of the plaintiff's employment at this store, having occasion to use a water-closet, he inquired of the manager where he should go, and was told there was one in the cellar, but without notice or caution of its defective condition. While properly using the closet for the purpose and in the manner for which it was intended, he was severely burned by the caustic potash on its seat or lid.   The manager knew at the time when he directed the plaintiff to the cellar, that the unskilled workman had but a short time before used these chemicals

about the closet. The plaintiff was a new man, unfamiliar with the premises, or with the agencies and appliances used by the employees, and he relied upon the direction of the manager to use that which was considered by the defendants as a necessary instrumentality in the management of their store. It is always the positive duty of an employer to instruct and qualify properly an inexperienced employee before putting him in charge of dangerous machines, with the use of which he is unacquainted: Smith v. Coal & Iron Co., 186 Pa. 28; Stapleton v. Traction Co., 5 Pa. Superior Ct. 253. And the reason of the rule applies with equal force in regard to a necessary appliance which is maintained about the establishment for the benefit of the master and which the employee is expected to use. He was entitled to a reasonable caution of the defective and dangerous condition of the closet, if he was expected, during his hours of labor, to use it, and to withhold such a caution, with knowledge of the danger, was subjecting him to a risk not contemplated by his employment.

The plaintiff recovered a verdict and in this appeal it is contended, that under all the evidence the court should have directed a verdict for the defendants. There was positive evidence in the case that the caustic lye or potash was applied to the closet by the direct orders of the manager, and the defendants' first point was rightfully refused. There was nothing in the case to warrant the trial judge in holding, as matter of law, that the plaintiff was guilty of contributory negligence to such a degree as would preclude his right to recover damages. Several witnesses testified for the defendants that the place where the closet was located was well lighted by natural and an electric light, yet after the accident, the manager was obliged to make an artificial light to see the caustic soda on the closet seat, showing that the danger to which the plaintiff was exposed was not apparent to ordinary observation. It was such a place as employees, without knowledge of its defects, had a reasonable right to expect to be in safe condition for their use at all times ; and if it should become out of repair, or unsafe, it then became the duty of the defendants to give notice of the defect so that special precautions might be taken. It may be conceded that had the instructions to the " third man " been properly and carefully carried out, no injury would have resulted.

But an employer cannot perform his whole duty to his employee by simply giving a proper order. He must go further and see to it that the proper orders are given to competent persons and are reasonably performed. The rule is stated in Finnerty v. Burnham, 205 Pa. 305, to be as follows: " It is the duty of the master to use reasonable care to furnish his employee with a reasonably safe place of work and with reasonably safe machinery and appliances. The master's duty in this regard does not end here, but is a continuing one. The law imposes on him the further obligation of using reasonable care to keep such place of work and such instrumentalities in a reasonably safe condition, and this, of course, is to be accomplished by a proper and timely inspection for defects, and the repairs thereof." To permit a closet of this kind to become obstructed and thereby become dangerous and unfit for use could not be called by a more mild term than direct negligence. Taking its condition to be as described by the manager a jury might reasonably infer that the employee should have been prohibited from using it. In using the caustic potash the manager was dealing with an agency which might, through carelessness, become dangerous. He was having the work done by an inexperienced person. The " third man " cannot be fairly chargeable with negligence in doing the work assigned to him, without some evidence that he knew the character of the chemicals which he was using, and on this subject we have no proof. On the other hand, the manager knew that the substances he directed to be used were chemicals of sufficient power to dissolve the mass which blocked the closet, at least he intended them to have that effect, and that they should be used with great care, or if he did not know this, he recklessly used dangerous agencies without regard to their effect, and is equally culpable: Levy v. Rosenblatt, 21 Pa. Superior Ct. 543.

There are some duties which the master owes to the servant from which he cannot relieve himself except by performance; while he may delegate these duties to an agent, such agent stands in the place of the principal, and the latter is responsible for the acts of the agent (Lewis v. Seifert, 116 Pa. 628); and the employer is equally chargeable whether the failure of duty is found in an original tool or machine, or in subsequent want of

repair by which it becomes dangerous. Nor are the agents who are charged with the business of supplying necessary machinery, or, as in this case, the proper maintenance and repair of necessary appliances, to be regarded as fellow-servants, but rather as charged with the duty which the master owes to the servant, and the neglect of such agents is to be regarded as the neglect of the master: Penna. & N. Y. Canal & R. R. Co. v. Mason, 109 Pa. 296.

The manager of this store held a special relation to the defendants, in whose place he stood, as he says : " I had exclusive control of the store." Where the master or superior places the entire charge of his business, or a distinct branch of it, in the hands of an agent or subordinate, exercising no discretion or oversight of his own—and in this case there is no evidence to minimize the statement of the manager as to his authority—the master is held liable for the negligence of such agent or subordinate : Lewis v. Seifert, 116 Pa. 628; Brommer v. Railway Co., 205 Pa. 432; Lillie v. Foundry Co., 209 Pa. 161.

Cliff, the manager in this case, fairly fills the requisites of a vice principal, as stated in Ricks v. Flynn, 196 Pa. 263, having been placed in a position to represent his employer so as to have absolute control and entire charge of a separate branch of the defendants' business, and, in the performance of his duties in such representative capacity, he was in the place of the employer and his acts were those of the principal. In the same case in applying the rule as laid down in Prevost v. Citizens' Ice &c. Co., 185 Pa. 617, the court says : " the grade or rank of the servant for whose conduct the employer is sought to be made liable, is not the test of the employer's responsibility. It is the character or nature of the act of the employee which causes the injury that determines the liability of the employer. If the act or thing done resulting in the injury to the employee was a duty imposed upon the employer, then the negligent performance of it by an employee of any grade will render the employer liable, but if such act was in the line of the ordinary workman's duty as an employee, then the employer is not responsible, though the offending employee was a vice principal in charge of the work generally : Casey v. Paving Co., 198 Pa. 348; O'Dowd v. Burnham, 19 Pa. Su-

perior Ct. 464; Butterman v. Construction Co., 206 Pa. 82; Lininger v. Air Brake Co., 210 Pa. 63.

None of the assignments of error are sustained and the judgment is affirmed.