ALPHA PORTLAND CEMENT CO. v. CURZI.

(Circuit Court of Appeals, Second Circuit. January 13, 1914.)

No. 135.

1. MASTER AND SERVANT (§§ 101, 102, 103*)—INJURIES TO SERVANT—MASTER'S DUTY—SAFE PLACE TO WORK.

While an employer, in the absence of statute, does not insure the employé's safety, the employer is required to exercise such ordinary care and diligence as may be reasonable in view of the work to be performed and the danger incident to the employment, and is under a positive, nondelegable duty to furnish the employé with a reasonably safe place in which to work.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 135, 171, 174, 175, 178–184, 192; Dec. Dig. §§ 101, 102, 103.*]

2. MASTER AND SERVANT (§§ 101, 102*)—INJURIES TO SERVANT—SAFE PLACE TO WORK.

Whether a place assigned to a servant in, which to work is safe or unsafe may depend in some degree on the work which is to be undertaken, as well as on the age and experience of the servant sent there to undertake it.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 135, 171, 174, 178–184, 192; Dec. Dig. §§ 101, 102.*]

3. MASTER AND SERVANT (§ 153*)—INJURIES TO SERVANT—DANGEROUS PLACE— ACTIONABLE NEGLIGENCE.

Where an employer, with knowledge that a blocked cement conveyor would move by the weight of the buckets as soon as sufficient cement was removed from the boot to release it, and that when that occurred, as it was bound to do in the course of the work of removing the obstruction, the place would be dangerous unless the conveyor was blocked or fastened, and. the employer, without requiring the blocking of the conveyor, directed plaintiff, who was a lad of 18 and uninformed of the danger, to enter the place and remove the cement, without warning, and plaintiff was injured by the movement of the conveyor after the material that blocked it had been removed, the employer was guilty of actionable negligence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 314– 317; Dec. Dig. § 153.*]

4. MASTER AND SERVANT (§ 218*)—INJURIES TO SERVANT—ASSUMED RISK.

Where a master, with knowledge that a clogged cement conveyor after unblocked would become dangerous as soon as clogging material had been removed from the pit, directed plaintiff to go into the pit and remove such material without blocking the conveyor or warning plaintiff of the danger, and plaintiff was subsequently injured by the movement of the conveyor on the removing of such material, he did not assume the risk on the theory that the place was safe when he entered it and only became unsafe by his own action in removing the cement.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 601– 609; Dec. Dig. § 218.*

Assumption of risk incident to employment, see note to Chesapeake & O. R. Co. v. Hennessy, 38 C. C. A. 314.]

5. MASTER AND SERVANT (§ 107*)—INJURIES TO SERVANT—SAFE PLACE—MAINTENANCE.

A master is not only bound to furnish a servant with a reasonably safe place in which to work, but is also required to keep the place safe, ex-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

cept as the conditions may be changed by the very work which the servant is required to do or by his manner of doing it.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 199–202, 212, 254, 255; Dec. Dig. § 107.*]

6. MASTER AND SERVANT (§ 107*)—INJURIES TO SERVANT—DANGEROUS PLACE.

Where plaintiff was injured by the sudden movement of an unblocked conveyor as he removed certain clogging material from the bottom thereof, and defendant knew, or ought to have known, that as soon as the clogging material was removed the conveyor would move of its own weight and render plaintiff's position dangerous, plaintiff did not sustain his injury from a danger which was necessarily inherent from the work, nor was such injury reasonably probable, and hence the rule that, where a place is originally safe and becomes unsafe only as the work progresses and in consequence of the manner in which it is done, the master is ordinarily not responsible, was inapplicable.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 199–202, 212, 254, 255; Dec. Dig. § 107.*]

7. MASTER AND SERVANT (§ 226*) — INJURIES TO SERVANT — ASSUMED ·RISK — MASTER'S NEGLIGENCE.

A servant, as a matter of law, does not assume risks which arise from the employer's omissions of duty, exposing the servant to unnecessary and needless danger, which he, because of inexperience, does not know or comprehend.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 659–667; Dec. Dig. § 226.*]

8. MASTER AND SERVANT (§ 281*)—INJURIES TO SERVANT—DANGEROUS PLACE—AGE—INSTRUCTIONS.

Where an inexperienced employé, 18 years of age, was injured by the sudden movement of an unblocked cement conveyor as he removed certain clogging material from the base thereof, the court properly refused to charge that plaintiff's age was not a factor to be considered by the jury, and charged instead that age was a factor to be considered along with other factors in the case, and, while a youth of 17 might be more mature and competent than another man of 25, there was no necessary inference, but it was simply a fact to be considered by the jury with all the other facts of the case.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 987–996; Dec. Dig. § 281.*]

9. MASTER AND SERVANT (§§ 101, 102*)—INJURIES TO SERVANT—LACK OF JUDGMENT—NOTICE.

One who employs minors must take notice of their lack of judgment and exercise greater care toward and for them than is required by law to be exercised toward and for adults.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 135, 171, 174, 178–184, 192; Dec. Dig. §§ 101, 102.*]

10. MASTER AND SERVANT (§ 130*)—INJURIES TO SERVANT—MINOR EMPLOYÉS.

Where a minor is employed in a business, the danger of which he is unable, by reason of his immature judgment, to comprehend, and is injured, the employer is liable.·

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 264, 266, 276; Dec. Dig. § 130.*]

11. MASTER AND SERVANT (§ 149*) — INJURIES TO SERVANT — INEXPERIENCED SERVANT—DANGEROUS WORK.

Where an employer knows that the servant is inexperienced or not of an age to appreciate the danger incident to the work which he is directed

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

to perform, the employer is liable to the servant for injuries received by him while executing an order which the employer knows, or should know, involves danger.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 291–295; Dec. Dig. § 149.*]

12. MASTER AND SERVANT (§§ 150, 151*) — INJURIES TO SERVANT — DUTY TO WARN.

A master is under a nondelegable duty to warn and instruct a servant as to defects and dangers of which the master knows, or ought in the exercise of reasonable care and diligence to know, and of which the servant has no knowledge.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 297–302, 305–307; Dec. Dig. §§ 150, 151.*]

13. APPEAL AND ERROR (§ 1004*)—SCOPE OF REVIEW—EXCESSIVE VERDICT.

An objection that the verdict in a personal injury action is excessive cannot be reviewed on a writ of error to the Circuit Court of Appeals.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3944–3947; Dec. Dig. § 1004.*]

14. APPEAL AND ERROR (§ 1015*)—WRIT OF ERROR—SCOPE OF REVIEW—ERRORS OF JURY.

In the federal court supposed errors of the jury can only be corrected by a motion for a new trial, the decision of which by the trial judge is final and cannot be reviewed on a writ of error on which the court is limited to the determination of questions of law arising on the record.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3860–3876; Dec. Dig. § 1015.*]

In Error to the District Court of the United States for the Eastern District of New York.

Action by Guiseppe Curzi, an infant, by Raffaele Grilli, his guardian ad litem, against the Alpha Portland Cement Company. Judgment for plaintiff, and defendant brings error. Affirmed.

This was an action brought to recover from an employer for an injury suffered by his employé.

The plaintiff at the time of the injury complained of was 18 years of age and was in the employment of the defendant in a cement mill owned and operated by the latter at Martin's Creek in Pennsylvania. There was installed in the mill as a part of the plant a vertical conveyor, lift or hoisting machine, consisting of an endless chain with metallic pan-shaped shelves attached thereto and used for the purpose of hoisting dry cement from one level to another. This vertical conveyor or lift, between 50 and 60 feet high, was inclosed in a shaft, and the shaft had become partially filled at the bottom with dry cement so that the lift could not be operated without removing the cement. The defendant's superintendent directed the plaintiff to enter the shaft at the bottom for the purpose of removing the cement. While he was at work in this place removing the cement by means of a shovel and bucket, he received the injury for which the action was brought.

The lift consisted of two endless chains running over sprocket wheels at the top of the shaft and under other sprocket wheels at the bottom of the shaft. At the time of the accident the lift had not been fastened to make it secure. The lift, as the plaintiff stood on it or climbed on it, started and carried him up to the top of the shaft, and his right arm passed between the conveyor chain and one of the wheels on which the chain turned, and was crushed and had to be amputated. The jury awarded him $10,000.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date. & Rep'r Indexes

Everett, Clark & Benedict of New York City (Edward Grenville Benedict and Louis H. Porter, both of New York City, of counsel), for plaintiff in error.

Hobart S. Bird, of New York City, for defendant in error.

Before LACOMBE, WARD, and ROGERS, Circuit Judges.

ROGERS, Circuit Judge (after stating the facts as above). This is a common-law action brought by an employé who was set to work in a place alleged to have been unsafe. The plaintiff, a minor and inexperienced, was without knowledge of machinery. No warning of the danger to which he was exposed was given; neither were any instructions issued. He was ordered to clean out the bottom of the elevator shaft and remove the cement which had accumulated in it.

The elevator had not been connected with the other machinery in the mill. The weight of the cement and the buckets on the back side of the chain being from 20,000 to 29,000 pounds in excess of the weight on the opposite side of the endless chain, the elevator, not having been connected with the machinery, was bound to move and the endless chain revolve to a state of equilibrium unless blocked or fastened, as soon as the cement in the boot was sufficiently removed to release it. It was the custom in such cases to chain the elevator or block it by means of beams or bars before sending men down into the shaft on such an errand as the plaintiff was ordered to perform. No such precaution was taken in this case, and, when the plaintiff had sufficiently removed the cement from the boot to release the chain, it began to move and the plaintiff was caught in it and the accident followed.

[1] In Smith v. Baker [1891] A. C. 325, at page 362, Lord Herschell said in the House of Lords:

"It is quite clear that the contract between employer and employed involves on the part of the former the duty of taking reasonable care to provide proper appliances, and to maintain them in a proper condition, and so to carry on his operations as not to subject those employed by him to unnecessary risk."

And in Williams v. Birmingham Battery & Metal Co., L. R. 2 Q. B. Div. 338, 345, Romer, L. J., said that:

The authorities "appear to me to establish the following propositions as to the liability at the common law of an employer of labour. If the employment is of a dangerous nature, a duty lies on the employer to use all reasonable precautions for the protection of the servant. If by reason of breach of that duty a servant suffers injury, the employer is prima facie liable."

. In the United States, also, it is established beyond controversy that at common law it is the positive duty of the employer to furnish his employé with a reasonably safe place in which to work. Armour v. Hahn, 111 U. S. 313, 4 Sup. Ct. 433, 28 L. Ed. 440; Welle v. Celluloid Co., 175 N. Y. 401, 67 N. E. 609; Rincicotti v. John S. O'Brien Contracting Co., 77 Conn. 617, 60 Atl. 115, 69 L. R. A. 936; Libby v. Banks, 209 Ill. 109, 70 N. E. 599; Foster v. New York, etc., R. Co., 187 Mass. 21, 72 N. E. 331; Finnerty v. Burnham, 205 Pa. 305, 54 Atl. 996; Collins v. Harrison, 25 R. I. 489, 56 Atl. 678, 64 L. R. A. 156; Geno v. Fall Mountain Paper Co., 68 Vt. 568, 35 Atl. 475.

The employer, in the absence of a statute, does not insure the employé's safety, but is required to exercise such ordinary care and diligence as may be reasonable in view of the work to be performed and the dangers incident to the employment. Hough v. Texas, etc., R. Co., 100 U. S. 213, 25 L. Ed. 612; Westinghouse Electric, etc., Co. v. Heimlich, 127 Fed. 92, 62 C. C. A. 92; Glenmont Lumber Co. v. Roy, 126 Fed. 524, 61 C. C. A. 506; Choctaw, etc., R. Co. v. Holloway, 114 Fed. 458, 52 C. C. A. 260; Probst v. Delamater, 100 N. Y. 266, 3 N. E. 184; Thompson v. American Writing Paper Co., 187 Mass. 93, 72 N. E. 343; Burns v. Delaware, etc., Tel., etc., Co., 70 N. J. Law, 745, 59 Atl. 220, 592, 67 L. R. A. 956; 26 Cyc. 1102.

This duty of the employer to furnish a safe place in which to work is a positive obligation resting on him and which he cannot escape by delegating the responsibility to another. Texas, etc., R. Co. v. Barrett, 166 U. S. 617, 17 Sup. Ct. 707, 41 L. Ed. 1136; National Steel Co. v. Lowe, 127 Fed. 311, 62 C. C. A. 229; Kirk v. Sturdy, 187 Mass. 87, 72 N. E. 349; Pursley v. Edge Moor Bridge Works, 168 N. Y. 589, 60 N. E. 1119; Ide v. Fratcher, 194 Ill. 552, 62 N. E. 814; Newton v. Vulcan Iron Works, 199 Pa. 646, 49 Atl. 339.

[2, 3] Whether a place is safe or unsafe may depend in some degree upon the work which is to be undertaken as well as upon the age and experience of the one who is sent there to undertake it. In this case the employer knew or should have known that the conveyor or lift would move by the weight of the buckets as soon as sufficient cement was removed from the boot to release it, and that when that occurred, as it was bound to occur in the course of the work, the place would be dangerous unless the conveyor was blocked or fastened and he failed to block or secure it. And he knew or ought to have known that the young man he had ordered to do this work was without knowledge of machinery or the danger that was involved in the undertaking.

In view of what was to be done in the shaft and of the danger which was involved and would inevitably arise unless the conveyor was secured and because it was not secured, we do not think this court should hold that the plaintiff was furnished a reasonably safe place in which to work. It was an unsafe place, made unsafe by the defendant's own negligence.

[4, 5] The defendant's contention is that its negligence, if it was negligent, may be disregarded because when the plaintiff began his work the conveyor could not move being held by the cement and therefore the place was safe and only became unsafe by the plaintiff's own act in removing the cement and that he assumed the risk of his own acts. But surely it cannot be said that he assumed a risk the danger of which was unexplained to him although it was known to his employer and was in fact due to that employer's own failure to take proper precautions not to expose his servant to a needless and unnecessary risk. The law does not lend countenance to such a theory. It is more reasonable to imply a contract on the part of the master not to invite a servant into unknown dangers than it is to imply one on the part of the servant to run the risk of dangers that he neither knows nor suspects. Cooley on Torts, p. 1109. But if it be conceded that the place in

which the plaintiff was set to work was a reasonably safe place and that the master's duty was fully met at the time the plaintiff began his work, this would not necessarily help the defendant. For it is equally a master's duty to keep the place safe except as the conditions may be changed by the very work which the servant is required to do or by his manner of doing it. Cooley on Torts, p. 1113.

[6] We do not lose sight of the principle that where a place is originally safe and becomes unsafe only as the work progresses and in consequence of the manner in which it is done the master is ordinarily not responsible. Devlin v. Phœnix Iron Co., 182 Pa. 109, 37 Atl. 927; Mullin v. Genesee Electric, etc., Co., 202 N. Y. 275, 95 N. E. 689; Shaw v. New Year Gold Mines Co., 31 Mont. 138, 77 Pac. 515; Richmond Locomotive Works v. Ford, 94 Va. 627, 27 S. E. 509. The defendant's difficulty is that this principle is not applicable to the facts of this case. If a man is employed for example in a quarry to blast rock, and in the course of his blasting is injured by the fall of a rock from the face of a ledge, then the principle the defendant invokes may be applicable. In such a case the injury is not due to the negligence of the man's employer. The danger to which the servant is exposed is the direct result of his own operations and is a danger necessarily incident to the work he is engaged in and is a danger which he appreciates and assumes. See Mielke v. Chicago R. Co., 103 Wis. 1, 79 N. W. 22, 74 Am. St. Rep. 834. And such may be the case where men are injured working in gravel pits and in sand banks where the conditions and surroundings are constantly changing as a direct result of the servant's operations and where the negligence if negligence exists is the negligence of the workman and of his fellow servants, and not of the employer; the danger being a necessary or probable incident of the work. See Swanson v. Lafayette, 134 Ind. 625, 33 N. E. 1033; De Vito v. Crage, 165 N. Y. 378, 59 N. E. 141; Capasso v. Woolfolk, 163 N. Y. 472, 57 N. E. 760; Cisney v. Penn. Sewer Pipe Co., 199 Pa. 519, 49 Atl. 309; Mikolojczak v. North American Chemical Co., 129 Mich. 80, 88 N. W. 75; Perry v. Rogers, 157 N. Y. 251, 51 N. E. 1021. But such cases are clearly distinguishable from the case at bar. And if we were to apply the principle applicable to that class of cases to this case, we should not be administering justice but injustice. In the case under consideration the injury which the plaintiff suffered was not necessarily inherent in the work, neither was it probable.

[7] There was no danger in merely removing cement from the pit except as the danger was created by the defendant's omission to fasten or block the elevator. And as already intimated, it cannot be said as matter of law that a servant assumes risks which arise from an employer's omissions of duty, which omissions expose the servant to unnecessary and needless danger, and danger which the servant because of inexperience neither knew nor comprehended. To say that under the circumstances of this case it was the prosecution of the work which made the place unsafe and created the danger will not do. If the defendant had discharged its duty this accident would not have happened. It was its omission of duty that created the danger.

[8, 9] At the conclusion of the instructions to the jury the court was asked on defendant's behalf to charge as follows:

"The age of the plaintiff is not a factor to be considered by the jury. The plaintiff is not a child and is to be regarded as a full grown man so far as any question in this case is concerned."

The court read the request and then said:

"Age is a factor to be taken into consideration along with all other factors. He was at the time of such age that the question of tender years as a necessary legal proposition does not enter into the case. But his age is to be considered along with all the other facts. A young man 17 might be much more mature and competent than another man of 25; there isn't any necessary inference that I can charge the jury about. It is simply a fact to be taken into consideration with all the other facts."

Whereupon the defendant excepted to the court's refusal to charge as requested. We discover no error prejudicial to the defendant in the court's instruction respecting the plaintiff's age. If the court had gone farther and emphasized in stronger terms the duty of an employer to an inexperienced employé and had directed the attention of the jury to the duty of the employer to warn and instruct such an employé as to the danger incident to the employment, it would have been difficult even then for the defendant to predicate any error upon such an instruction. The courts have held in numerous cases that persons who employ minors must take notice of their lack of judgment and must exercise greater care toward and for them than is required by law to be exercised toward and for adults. O'Connor v. Adams, 120 Mass. 427; Smith v. O'Connor, 48 Pa. 218, 86 Am. Dec. 582; Flynn v. Erie Preserving Co., 12 N. Y. St. Rep. 88; East Saginaw City R. Co. v. Bohn, 27 Mich. 503; Marbury Lumber Co. v. Westbrook, 121 Ala. 179, 25 South. 914; Larson v. Berquist, 34 Kan. 334, 8 Pac. 407, 55 Am. Rep. 249.

[10, 11] In a number of decisions it has been held that if a minor is employed in a business the danger of which he is unable by reason of his immature judgment to comprehend and is injured, the employer is liable. 26 Cyc. 1081 and cases cited. And the courts have held that where the employer knows that an employé is inexperienced or not of an age to appreciate the danger incident to the work which he is directed to perform the employer is liable to the employé for injuries received by him while executing an order which the employer knew or ought to have known involved danger. Northern Pacific Coal Co. v. Richmond, 58 Fed. 756, 7 C. C. A. 485; Johnson v. Richmond, etc., R. Co., 84 Va. 713, 5 S. E. 707; Riley v. West Virginia Central, etc., R. Co., 27 W. Va. 145; Gartside Coal Co. v. Turk, 147 Ill. 120, 35 N. E. 467; 26 Cyc. 1165.

[12] Courts have said that there is a duty upon the employer to warn and instruct his employé as to defects and dangers of which he knows or ought in the exercise of reasonable care and diligence to know and of which the employé has no knowledge. Mather v. Rillston, 156 U. S. 391, 15 Sup. Ct. 464, 39 L. Ed. 464; The Anchoria, 120 Fed. 1017, 56 C. C. A. 452; Orman v. Salvo, 117 Fed. 233, 54 C. C. A. 265; Mercantile Trust Co. v. Pittsburgh, etc., R. Co., 115 Fed. 475, 53 C. C. A. 207; Gates v. State, 128 N. Y. 221, 28 N. E.

373; Knight v. Overman Wheel Co., 174 Mass. 455, 54 N. E. 890; Geller v. Briscoe Mfg. Co., 136 Mich. 330, 99 N. W. 281; Illinois Steel Co. v. Ryska, 200 Ill. 280, 65 N. E. 734; Crane v. Chicago, etc., R. Co., 124 Iowa, 81, 99 N. W. 169; Tompkins v. Marine Engine Co., 70 N. J. Law, 330, 58 Atl. 393.

And they have held that this duty of warning and instructing the employé, like the duty to provide a safe place to work, cannot be delegated; that the employer cannot thus relieve himself of the responsibility which the law imposes on him. Mercantile Trust Co. v. Pittsburgh, etc., R. Co., 115 Fed. 475, 53 C. C. A. 207; Louisville, etc., R. Co. v. Miller, 104 Fed. 124, 43 C. C. A. 436; Grimaldi v. Lane, 177 Mass. 565, 59 N. E. 451; Smith v. Hillside Coal, etc., Co., 186 Pa. 28, 40 Atl. 287; Simone v. Kirk, 173 N. Y. 7, 65 N. E. 739; Addicks v. Christoph, 62 N. J. Law, 786, 43 Atl. 196, 72 Am. St. Rep. 687.

In Judge Cooley's work on Torts, that eminent jurist states that:

"It would be gross injustice, not to say absurdity, to apply in the case of infants the same tests of the master's culpable negligence which are applied in the case of persons of maturity and experience." 2 Cooley on Torts (3d Ed.) p. 1127.

In another place he says:

"The master may also be guilty of actionable negligence in exposing persons to perils in his service which, though open to observation, they by reason of their youth or inexperience do not fully understand and appreciate and in consequence of which they are injured. Such cases occur most frequently in the employment of infants." Id. p. 1126.

The rationale of the doctrine would seem to be that a master is as a prudent man under obligations to regulate his conduct with due reference to the fact that minor servants on the average are less capable of understanding the dangers of their employment as well as less capable of avoiding the dangers which they do understand. It is the fact of immaturity rather than the fact of minority that the master is bound to regard. Labatt on Master & Servant, vol. 1, § 20 (Ed. 1904); Alabama Mineral R. Co. v. Marcus, 115 Ala. 389, 22 South. 135. And see Kentucky C. R. Co. v. Gastineau, 83 Ky. 119; Michael v. Stanley, 75 Md. 464, 23 Atl. 1094.

[13, 14] It is urged that the verdict is excessive, and that we should reverse the judgment because the court below did not set the verdict aside, although it was promptly asked to do so. However the rule in the state courts may be, this court is not at liberty to consider whether this verdict is or is not excessive. In the federal courts the supposed errors of the jury can be corrected in no other way than by a motion for a new trial the decision of which by the trial judge is final and cannot be assigned as error upon appeal. The power of the court on appeal is restricted to the determination of questions of law arising on the record. Lincoln v. Power, 151 U. S. 436, 14 Sup. Ct. 387, 38 L. Ed. 224; Wabash v. McDaniels, 107 U. S. 454, 2 Sup. Ct. 932, 27 L. Ed. 605; N. Y. Lake Erie, etc., R. Co. v. Winter, 143 U. S. 60, 12 Sup. Ct. 356, 36 L. Ed. 71; Wilson v. Everett, 139 U. S. 616, 621, 11 Sup. Ct. 664, 35 L. Ed. 286.

The judgment is affirmed.